## ISAAC BLETHEN *vs.* JOHN LOVERING.

*Indorsement " without recourse "—warranty—limitations.*

If the payee of a negotiable promissory note, by his indorsement thereof " without recourse," impliedly warrants that it was given for a valuable consideration, such liability accrues when the indorsement is made; and the statute of limitations then begin to run.

The " fraudulent concealment of the cause of action " must be proved in order to avoid the statute of limitations upon that ground.

ON REPORT.

ASSUMPSIT to recover the amount paid by the plaintiff to the defendant for a negotiable promissory note, dated June 11, 1855, for $35, payable in one year, given by one Durnin to the defendant and by the latter indorsed, " without recourse," to the plaintiff; and for costs and expenses paid on a judgment recovered in February, 1865, against the plaintiff, by Durnin, in an action against him on the note by the plaintiff.

The writ was dated Sept. 14, 1866.

It appeared, on the part of the plaintiff, that the note mentioned was indorsed, " without recourse," to the plaintiff, by the defendant, about the time it became due, for a valuable consideration, and that it was void for want of consideration at its inception.

That the plaintiff brought a suit on the note against Durnin, who recovered judgment against the plaintiff upon the ground that the note was void for want of consideration, and that that suit cost him one hundred dollars.

The action was withdrawn from the jury and reported to the full court, and if the action was not maintainable, the plaintiff was to become nonsuit.

*Henry Hudson,* for the plaintiff.

The suit was commenced within six years from the time of the verdict in the suit on the note, when this cause of action accrued

and the statute began to run.  *Gilmore* v. *Bussey*, 12 Maine, 418 ; *Butler* v. *Horne*, 13 Maine, 397 ; *Cole* v. *McGlathry*, 9 Maine, 131 ; *McKnown* v. *Whitmore*, 31 Maine, 448.

The fraud was concealed, and the suit was commenced within six years after the cause of action was known.  R. S. of 1857, c. 81, § 107 ; *Bishop* v. *Little*, 3 Greenl. 405 ; *Rouse* v. *Southard*, 39 Maine, 404.

*A. M. Robinson*, for the defendant.

APPLETON, C. J.   The defendant, on or about its maturity, indorsed to the plaintiff, " without recourse," a note signed by one Charles Durnin, for $35, dated June 11, 1855, and payable in one year.   On the note the plaintiff brought a suit, which was referred, and the referee made a report in favor of said Durnin, which was accepted at the February term, 1865, of this court, for Aroostook county, and judgment rendered thereon.

On the 14th September, 1866, the plaintiffs brought this action on the ground of an implied promise or warranty, on the part of the defendant, at the time of the transfer, that the amount purporting to be due was due, when, in truth, nothing was due, the note having been given without consideration.

If the note was without consideration, the plaintiff claims that the defendant, notwithstanding his special indorsement, would be liable within the principle of the *Ticonic Bank* v. *Smiley*, 27 Maine, 225.   If it be so, his liability, whatever it was, accrued at the time of his indorsement and not since.   If there was a promise or a warranty it was according to the statement of facts, broken as soon as made.   So an indorsement of a negotiable paper is a warranty, by him who makes it, to every subsequent holder in good faith, that the instrument itself and all the signatures antecedent to such indorsement are genuine ; and where the signatures are forgeries, the indorser is at once liable upon his warranty to such subsequent holder, without any presentment for payment or notice of non-payment.   *Turnbull* v. *Boyer*, 40 N. Y. 456.   The liability of the

defendant accruing, then, at the time of his indorsement, the statute of limitation constitutes a bar.

The plaintiff seeks to avoid this by R. S., c. 81, § 107, which extends the limitation in cases of fraudulent concealment of the cause of action. But neither the writ nor the report of the evidence sets forth any such fact or any offer to prove such fact.

*Plaintiff nonsuit.*

CUTTING, KENT, WALTON, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.